# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 19-37** |
| **BRIAN STEPHENS** | **SECTION D (1)** |

## ORDER

Before the Court is defendant Brian Stephens's motion to reconsider his detention pending sentencing.[1] The motion is opposed,[2] defendant has filed a reply,[3] and the Government has filed a sur-reply.[4] Because Stephens fails to demonstrate by clear and convincing evidence that he is not a flight risk and that he is not a danger to the community, the Court denies the motion.

## I.     FACTUAL BACKGROUND

On February 22, 2019, defendant Brian Stephens was charged in a three-count indictment with various crimes related to his possession of firearms in violation of 18 U.S.C. § 922(g)(1) and § 924(e).[5] On March 15, 2019, Magistrate Judge North held a detention hearing.[6] Stephens stipulated to detention, but reserved "the right to reurge should circumstances permit."[7]

---

[1] R. Doc. 71.
[2] R. Doc. 79 (sealed).
[3] R. Doc. 91.
[4] R. Doc. 83.
[5] R. Doc. 1.
[6] R. Doc. 17.
[7] R. Doc. 18.

In October 2019, Stephens pleaded guilty to all three counts of the indictment.[8] While awaiting sentencing, Stephens was detained at the Nelson Coleman Correctional Center, where he contracted COVID-19.[9]  Stephens filed an emergency motion to reconsider his detention and for immediate release on bond.[10]  Defendant argues that his release is governed by 18 U.S.C. § 3142(i), which allows for release "to the extent that the judicial officer determines such release to be necessary for the preparation of a person's defense or for another compelling reason."[11]  Stephens avers that his condition rises to a "compelling reason" stating that he is not "receiving the care needed to subdue the effects of the disease" and because he has a brain tumor that raises his risk of complications from his infection.[12]

The Government filed an opposition to Stephens's motion, arguing that 18 U.S.C. § 3143, rather than § 3142(i), governs a defendant's release when the defendant has pleaded guilty is awaiting sentencing.[13]  That statute requires that a defendant demonstrate that he or she is not likely to flee or pose a danger to the community—two requirements the Government contends Stephens cannot meet. The Government also argues that Stephens is receiving adequate care, and that his COVID-19 symptoms are not severe at this time.  Defendant filed a reply in which he directs the Court to two cases where courts have released a defendant pursuant to 18 U.S.C. § 3142(i) while the defendant was awaiting sentencing.[14]  Defendant did not

---

[8] R. Doc. 31 (minute entry); R. Doc. 33 (plea agreement).
[9] R. Doc. 71.
[10] *Id.*
[11] *Id.*
[12] R. Doc. 71.
[13] R. Doc. 79 (sealed).
[14] R. Doc. 81.

respond to the Government's statements regarding its communication with personnel from NCCC who stated that defendant is receiving medical care.  The Government responded with a sur-reply, in which it cited to several cases outside of this district where those courts found that 18 U.S.C. § 3143 is the applicable statute to apply when a defendant seeks release pending sentencing.[15]  The Government also argues that the Federal Rules of Criminal Procedure make clear that § 3143 is the applicable statute to consider when a defendant seeks release while awaiting sentencing.

## II.   ANALYSIS

The primary dispute between Stephens and the Government is which statute governs a motion for release at the instant procedural stage, when Stephens has pleaded guilty and is awaiting sentencing.  Stephens moves under 18 U.S.C. § 3142(i), which states that the "judicial officer may, by subsequent order, permit the temporary release of the person . . . to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."[16]  But the title of that section is "[r]elease or detention of a defendant *pending trial*."[17]  Here, Stephens is not pending trial; rather, he has already pleaded guilty.  And 18 U.S.C. § 3143, by its plain terms, addresses the situation where defendant is awaiting sentencing, as it is entitled "[r]elease or detention pending sentence or appeal."[18]  The applicable statute under which to consider Stephens's motion is therefore Section 3143, not Section 3142(i).

---

[15] R. Doc. 83.
[16] 18 U.S.C. § 3142.
[17] *Id.* (emphasis added).
[18] 18 U.S.C. § 3143.

The weight of the caselaw supports a finding that 18 U.S.C. § 3143 is the applicable statute here.[19]   Stephens does cite to two cases that apply 18 U.S.C. § 3142(i) to defendants awaiting sentencing.  But in one case, *United States v. Mason*, No. 18-cr-01065 (D.S.C. Apr. 18, 2020), the applicability of § 3142(i) was not disputed by the Government, and the Court did not appear to even consider the applicability of § 3143.   In the other case, *United States v. Kennedy*, No. 18-20315, 2020 WL 1493481, (E.D. Mich. Mar. 27, 2020), the court found that it could release a defendant pending sentencing under 18 U.S.C. 3142(i) because it was an "independent statutory ground" under which a court can release a prisoner.[20]   But the *Kennedy* court cited to only two cases to defend its finding, neither of which involved a defendant pending trial.  The first, *United States v. Thornton*, 787 F.2d 594 (6th Cir. 1986), involved a defendant who had not pleaded guilty and was awaiting trial; the other, *United States v. Stephens*, No. 15-0095, 2020 WL 1295155 (S.D.N.Y. Mar. 19, 2020), involved a defendant awaiting a hearing on the revocation of his supervised release, not a defendant awaiting sentencing.   This Court's analysis results in an opposite conclusion.[21]

---

[19] *See, e.g.*, *United States v. Thomas*, No. 18-CR-428, 2020 WL 1694302, at *2-3 (N.D. Tex. Apr. 4, 2020) (finding § 3143, rather than § 3142, applicable to a defendant seeking release pending sentencing); *United States v. Childs*, No. 18-cr-69, 2020 WL 2794456 (E.D. Wisc. May 29, 2020) (same); *United States v. Williams*, No. 18-CR-00123, 2020 WL 3248288, at *2-3 (W.D.N.Y. June 16, 2020) (finding § 3143 applicable and collecting cases applying § 3143 rather than § 3142).

[20] *Id*. at *3 n.3.

[21] *See Thomas,* 2020 WL 1694302, at *3 (finding that 18 U.S.C. § 3143 applies to defendants seeking release pending sentencing and stating that "[t]he Court respectfully disagrees with *Kennedy*, especially in light of its reliance on cases that did not involve defendants who were awaiting sentencing").

Besides the plain text of 18 U.S.C. §§ 3142 and 3143 and the persuasive caselaw, the Federal Rules of Criminal Procedure also support this result. Federal Rule of Criminal Procedure 46(a) states that "[t]he provisions of 18 U.S.C. §§ 3142 and 3144 govern pretrial release."[22] But as to defendant's awaiting sentencing, Federal Rule of Criminal Procedure 46(c) states "[t]he provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal" with no mention of Section 3142.[23] Moreover, applying the stricter requirements of 18 U.S.C. § 3143 makes logical sense, as once a defendant has been found guilty, "a presumption in favor of detention . . . attaches to a convicted defendant."[24]

Having determined that 18 U.S.C. § 3143 governs Stephens' motion for temporary release, the Court turns to its application here. The statute provides "[t]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."[25]

Defendant does not make an argument in either his initial motion or his reply that he is not a flight risk. Instead, defendant states that he will "be under the care of his mother, who is willing and able to make sure Mr. Stephens can receive the care

---

[22] Fed. R. Crim P. 46(a).
[23] Fed. R. Crim. P. 46(c).
[24] *United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016).
[25] 18 U.S.C. § 3143(a).

he needs at this time."[26]  This statement is insufficient for the Court to find by clear and convincing evidence that defendant does not represent a flight risk.  Moreover, Stephens makes no argument that he is not a danger to the community, nor would the Court credit such an argument.  Stephens has a lengthy criminal history, including drug offenses and two violent crimes.[27]  Indeed, the Court record, as noted by the Government's Memorandum in Opposition, is replete with instances where the Defendant evaded arrest and was subsequently found in possession of firearms.  The Court would be remiss not to highlight Defendant's behavior, as described by the Government, in which he "exited a vehicle and, in the middle of the street, exchanged fire with a rival at approximately 2:30 p.m.  His toddler and other family members remained in the car next to him."[28]  Further, Stephens' pattern of drug and firearm offenses, and specifically his pattern of evading law enforcement, indicates he would pose a threat to the community.  "The danger to the community posed by drug offenders writ large, and armed drug offenders in particular, is well-established."[29]  The Court finds that Stephens has not established by clear and convincing evidence that he is not a flight risk nor a danger to the community, as required by 18 U.S.C. § 3143, and therefore the Court must deny the motion.[30]

---

[26] R. Doc. 71.

[27] R. Doc. 42 at 10-14 (sealed).

[28] R. Doc. 79 at 5 (sealed).

[29] *United States v. Smith*, No. 14-cr-154, 2020 WL 3576937, at *1 (E.D. La. July 1, 2020).

[30] Notwithstanding the Court's finding that 18 U.S.C. § 3143 applies, the Court notes that it would not find a "compelling reason" under 18 U.S.C. § 3142(i) in this case.  Any reason Stephens puts forth to argue for his release must be weighed against the nature and circumstances of the offenses charged as well as the history and characteristics of defendant.  *See United States v. Cox*, No. 18-721, 2020 WL 1491180, at *4-5 (D. Nev. Mar. 27, 2020).

6

Stephens' motion raises significant concerns, which the Court does not consider lightly.  The Court recognizes the seriousness of the global pandemic, and is sensitive to any impact on our incarcerated population. Nonetheless, because Stephens does not meet the requirements of 18 U.S.C. § 3143, the Court denies his motion for temporary release.

## III.    CONCLUSION

**IT IS HEREBY ORDERED** that defendant Brian Stephens' Motion to Reconsider Detention and for an Order Granting Temporary Release on Bond[31] is **DENIED**.

New Orleans, Louisiana, August 5, 2020.

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[31] R. Doc. 71.